IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 131 M ST NE WASHINGTON, DC 20002 | CIVIL ACTION NO. 18-2976 |
| Plaintiff, | COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| LOCKHEED MARTIN CORPORATION, 6801 ROCKLEDGE DRIVE BETHESDA, MD 20817, | |
| and | |
| LOCKHEED MARTIN ENTERPRISE OPERATIONS, 6801 ROCKLEDGE DRIVE BETHESDA, MD 20817, | |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended, to correct unlawful employment practices on the basis of disability. In this action, the United States Equal Employment Opportunity Commission (EEOC or Commission) seeks to provide appropriate relief to Charging Party Donna Kerekes, who was employed by Defendants Lockheed Martin Corporation and Lockheed Martin Enterprise Operations (Defendants or Lockheed) as an administrative assistant. As alleged with greater particularity below, EEOC alleges that Defendants violated the ADA when they discriminated and retaliated against Charging Party.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been doing business within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

5. At all relevant times, each named Defendant has functioned as an employer, or Defendants have functioned as an integrated enterprise/single employer or joint employers.

6. At all relevant times, Defendants have had at least 15 employees.

7. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

8. At all relevant times, Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of the ADA.

10. On March 6, 2018, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the unlawful practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. On August 14, 2018, the Commission issued to Defendants a Notice of Failure of Conciliation advising that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Defendants are an aerospace company headquartered in Bethesda, Maryland.

16. On or about November 2014, and continuing thereafter, Defendants engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b), by discriminating against Donna Kerekes on the basis of disability, and in violation of Title V of the ADA, 42 U.S.C. § 12203(a), by retaliating against her for engaging in protected activity as follows:

(a) In June 2007, Charging Party began working for Defendants as an administrative assistant.

(b) In August 2012, Charging Party was transferred to Defendants' Government & Regulatory Affairs (G&RA) organization where she was assigned to work as an administrative assistant.

(c) At G&RA, Charging Party was assigned to provide administrative support for Vice President Gerald Musarra and other senior management.

(d) Charging Party was qualified for the jobs she held while employed by Defendants.

(e) Charging Party has a disability, Post-Concussive Syndrome and Mild Traumatic Brain Injury, which limits her major life activities including but not limited to cognitive processing.

(f) In November 2014, Charging Party asked Defendants to provide a reasonable accommodation for her disability. Specifically, she sought permission to use a transcription or recording device to assist her with tracking rapid speech and note-taking.

(g) The accommodation referenced in subparagraph (f) was reasonable, but Defendants refused to grant it to Charging Party and they failed to engage in an interactive process with her.

(h) In December 2014, Charging Party went on an approved medical leave necessitated by her disability and Defendants' refusal to accommodate her.

(i) On June 8, 2015, Charging Party's doctors cleared her to return to work for Defendants with accommodations.

(j) Musarra refused to grant any accommodations to Charging Party. As a result, Charging Party went on approved long-term disability leave from June 2015 through

December 2015.

(k) Beginning in June 2015 and continuing thereafter, Charging Party contacted Defendants repeatedly seeking to return to her job at G&RA or to work for Defendants in another capacity.

(l) Charging Party spoke to Musarra during the course of her leave requesting permission to return to work. Musarra refused to allow Charging Party to return to work, with or without accommodations and refused to engage in the interactive process with her. Instead, Musarra told her that she had to contact Defendants' disability carrier.

(m) On June 20, 2015, Charging Party submitted another request for accommodations.

(n) The accommodations that Charging Party sought on June 20, 2015, were reasonable.

(o) Defendants did not grant any of the accommodations that Charging Party sought on June 20, 2015.

(p) On December 7, 2015, Charging Party engaged in protected activity when she submitted a complaint to Defendants' ethics office about how Defendants were handling her accommodations request.

(q) On December 8, 2015, Defendants decided that they would not grant any of the accommodations that Charging Party sought on June 20, 2015, and they decided that Charging Party could not return to work at G&RA as an administrative assistant or in any other capacity.

(r) On December 22, 2015, Defendants sent Charging Party a letter saying that her request for accommodations had been denied and that Defendants had concluded she could no longer perform the essential functions of her job, with or without accommodations.

(s)     On December 30, 2015, Charging Party told Defendants that she needed fewer accommodations and asked the company to permit her to return to work at G&RA in any capacity, or to reassign her or select her for any other position.

(t)     Upon learning that Charging Party needed fewer accommodations, Defendants did not permit her to return to work at G&RA in any other capacity, nor did they permit her to return to work in any other department.  Moreover, Defendants told Charging Party that they would continue to assume that she required the same accommodations as requested in June 2015, unless and until she had completed the accommodations process again, after submission of new medical documentation.

(u)     Beginning in December 2015, Charging Party applied for more than a dozen administrative positions with Defendants.

(v)     Charging Party was qualified for the administrative positions for which she applied.

(w)     Defendants did not select Charging Party for any of the administrative positions for which she applied.

(x)     Defendants selected non-disabled persons for some of the positions for which Charging Party applied.

(y)     Beginning in December 2015, Defendants identified administrative positions that were open and for which Charging Party was qualified.  Defendants did not reassign Charging Party to any of those positions.

(z)     To the extent Charging Party needed accommodations to perform any of the jobs for which she applied, or which Defendants identified as open, such accommodations were reasonable.

(aa)    To the extent Charging Party needed accommodations to perform any of the jobs

for which she applied, or which Defendants identified as open, Defendants did not grant such accommodations.

(bb)    Defendants required Charging Party to demonstrate that she was the best qualified candidate, as compared to non-disabled persons, as a condition of being selected for a position and/or reassignment.

(cc)    On February 1, 2016, Defendants fired Charging Party.

17.    Charging Party Donna Kerekes is a person with a disability, as defined by the ADA.

18.    Defendants discriminated against Charging Party in violation of Sections 12112 and 12203 of the ADA, when they: subjected her to disparate terms and conditions because of disability; failed to make reasonable accommodations to known physical or mental limitations; failed to engage in an interactive process and/or failed to do so in good faith; denied her employment opportunities based on the need to make reasonable accommodations to known physical or mental impairments; took adverse employment action against her because of disability and bias against persons with disabilities based on myth, fear, and stereotype; retaliated against her because she engaged in protected activity; terminated her employment; required her to demonstrate that she was the best candidate for a position and/or reassignment, when compared to non-disabled candidates, when she should have been selected for such position as a form of reasonable accommodation; and refused to select or hire her for administrative positions for which she was qualified.

19.    The alleged legitimate reasons for the adverse action taken against Charging Party are a pretext for unlawful discrimination and/or retaliation.

20.    The effect of the practices identified above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee on the

basis of disability, in violation of the ADA.

21. The unlawful employment practices identified above were intentional.

22. The unlawful employment practices identified above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

24. Wherefore, the Commission respectfully requests that the Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from: discriminating against employees because of disability; maintaining a bias against disabled persons based on myths, fears, and stereotypes; refusing to grant reasonable accommodations to known limitations as required by the ADA; requiring disabled persons to demonstrate that they are the best qualified candidate, when compared to non-disabled applicants, as a condition of selecting them for an alternate position and/or reassigning them; taking adverse employment action against persons because of disability; taking adverse employment action against disabled persons because of the need to make future accommodations under the ADA; and retaliating against persons because they engage in protected activity.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Charging Party Donna Kerekes, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment

practices.

D.     Order Defendants to provide compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendants to provide compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.     Order Defendants to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully submitted,

          U.S. EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Washington, D.C.

          JAMES L. LEE
          Acting General Counsel

          GWENDOLYN Y. REAMS
          Associate General Counsel

          _____/s/_____
          DEBRA LAWRENCE
          Regional Attorney
          Philadelphia District Office
          (signed by Jessi Isenhart with Permission of Debra Lawrence)

        /s/
KATE NORTHRUP
Supervisory Trial Attorney
Baltimore Field Office
kate.northrup@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Tel. (410) 209-2722
(signed by Jessi Isenhart with Permission of Kate Northrup)


        /s/
JESSI ISENHART
Senior Trial Attorney
Cleveland Field Office
jessi.isenhart@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
Tel. (216) 522-7676
Fax (216) 522-7430