IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>and<br><br>LOCKHEED MARTIN ENTERPRISE OPERATIONS,<br><br>Defendants. | Civil Action No.: 8:18-cv-02976-GJH |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action against Lockheed Martin Corporation and Lockheed Martin Enterprise Operations (collectively, "Lockheed Martin") to enforce the Americans with Disabilities Act of 1990, as amended ("ADA"). In its Complaint, EEOC alleged that Lockheed Martin violated the ADA (1) by failing to provide Charging Party Donna Kerekes with reasonable accommodations for her disability, (2) by refusing to hire/reassign her to vacant positions on the basis of her disability or because she required reasonable accommodations for such disability, and (3) by retaliating against her because she opposed Lockheed Martin's discriminatory employment practices.

As a result of comprehensive settlement negotiations, EEOC and Lockheed Martin (hereinafter, collectively the "Parties") desire to resolve this action without the time and expenditure of contested litigation. Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree").

There has been no adjudication of liability issues in this case. By entering into this Decree, Lockheed Martin does not admit liability for any of the ADA violations pleaded in EEOC's Complaint. This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's Complaint filed in this case.

## STIPULATIONS

A. The Parties acknowledge the jurisdiction of the United States District Court for the District of Maryland over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B. Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C. The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A. The Court has jurisdiction over the subject matter and the Parties in this action.

B. The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C. The Decree conforms to the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the interests of the ADA and will be in the best interest of the Parties, Ms. Kerekes for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A. The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

B. The term "employee" shall be construed in accordance with controlling federal court case law defining the meaning of the terms "employee" and "employer." The term "employee" shall specifically include all full-time and part-time employees of Lockheed Martin.

C. The term "Effective Date" shall be the date that the Court approves and enters this Decree as a final order of the Court.

## EFFECTIVE DATE, DURATION AND GEOGRAPHIC SCOPE OF DECREE, AND RETENTION OF JURISDICTION

1. This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be two (2) years immediately following the entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 22, below, remain unresolved, the duration of the Decree shall be automatically extended until there is a final disposition of such dispute.

2. The provisions of this Decree shall apply to Lockheed Martin Government Affairs' ("LMGA") Crystal City, Virginia facility, as well as the Human Resources and Health and Wellness personnel assigned to LMGA's Crystal City, Virginia facility, subject to the more specific training obligations as defined in Paragraph 10.

3. For the duration of this Decree, the Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## INJUNCTION

4. Lockheed Martin, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Lockheed Martin are hereby enjoined from engaging in any employment practice that discriminates against any job applicant or employee on the basis of disability by (a) failing or refusing to provide any job applicant or employee with reasonable accommodation(s) for a disability; and/or (b) refusing to hire or reassign any individual on the basis of disability or because such individual requires reasonable accommodation(s) for a disability.

5. Lockheed Martin, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Lockheed Martin are hereby enjoined from engaging in any form of retaliation, coercion, intimidation, threats, or interference against any person because such person has (a) opposed any practice made unlawful by the ADA; (b) filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the ADA; (c) requested or received relief under this Decree; and/or (d) asserted any rights under this Decree.

## MONETARY RELIEF

6. Within fifteen (15) days of receiving (through counsel of record) an executed Release and Waiver of Claims (attached hereto as Exhibit A) from Charging Party Donna Kerekes, Lockheed Martin shall pay Ms. Kerekes total monetary relief in the amount of $115,000, of which $72,500 shall constitute back pay and $42,500 shall constitute compensatory damages for emotional distress. Lockheed Martin shall pay this total monetary relief to Ms. Kerekes via two certified bank checks, according to the following requirements:

(a) From the check representing the portion of the total monetary relief designated as back pay, Lockheed Martin shall, to the extent required by law, withhold all applicable federal, state, and local payroll taxes. Lockheed Martin shall be responsible for separately paying the employer's portion of Social Security and Medicare and any other applicable federal, state, and local payroll taxes due on the back pay amount, and the employer's portion of such taxes shall not be deducted from the back pay amount paid to Ms. Kerekes. Lockheed Martin shall pay all such monies withheld to the appropriate governmental agencies.

(b) The check representing the portion of the total monetary relief designated as compensatory damages for emotional distress shall be paid to Ms. Kerekes in full, without any payroll withholdings or deductions.

(c) Lockheed Martin shall ensure that the checks in this Paragraph are made payable to "Donna Kerekes." Lockheed Martin shall deliver both checks to Mr. Kerekes via express mail or another method capable of being tracked at an address to be provided by EEOC.

7. At the time that it issues IRS Form W-2's to its employees, Lockheed Martin shall issue to Donna Kerekes an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages for emotional distress.

8. Within ten (10) days from the date that Lockheed Martin makes the payments set forth in Paragraph 6 to Ms. Kerekes, Lockheed Martin shall send copies of the checks issued to Ms. Kerekes and proof of express mail delivery to Supervisory Trial Attorney Ronald Phillips at EEOC's Baltimore Field Office.

9. In the event that any of the payments referenced in Paragraph 6 cannot be delivered to Ms. Kerekes at the address provided by EEOC, Lockheed Martin shall promptly contact Supervisory Trial Attorney Ronald Phillips at EEOC's Baltimore Field Office to obtain a current address for Ms. Kerekes or to otherwise make arrangements for payment.

## ADA TRAINING

10. Within one hundred twenty (120) days of the Effective Date of this Decree, Lockheed Martin shall provide no less than two (2) hours of training on the ADA to all managers (defined as those employees with direct reports) in LMGA's Crystal City, Virginia location, the Human Resource Business Partners who support this LMGA location, and any Lockheed Martin Enterprise Operations Health and Wellness personnel who support this location and are responsible for receiving, reviewing, and/or responding to job applicants' and employees' requests for reasonable accommodation for disabilities and/or reassignment. The training shall accurately convey the ADA's requirements and, at a minimum, include a discussion of the following topics:

   (a) the ADA's requirement that employers provide reasonable accommodations for the known disabilities of job applicants and employees;

   (b) the ADA's requirement that employers engage in a good faith interactive process to identify reasonable accommodations that would enable job applicants and employees with disabilities to perform the essential functions of the position that they desire or hold;

   (c) the difference between essential functions and marginal functions of a position as reflected in controlling case law, 29 C.F.R. § 1630.2(n), and the corresponding portion of the Appendix to 29 C.F.R. Part 1630, including examples;

(d) the definition of the term "reasonable accommodation" in controlling case law, 29 C.F.R. § 1630.2(o), and the corresponding portion of the Appendix to 29 C.F.R. Part 1630, including examples;

(e) the definition of the term "undue hardship" in controlling case law, 29 C.F.R. § 1630.2(p), and the corresponding portion of the Appendix to 29 C.F.R. Part 1630, including examples;

(f) methods used and information considered by vocational rehabilitation counselors to identify essential and marginal job functions and effective potential reasonable accommodations, and to evaluate potential undue hardship on the conduct of an employer's business;

(g) the ADA's requirement that employers offer reassignment to employees with disabilities as a form of reasonable accommodation;

(h) the ADA's prohibition against disability discrimination in job application procedures and hiring;

(i) the ADA's prohibition against denying employment opportunities to job applicants and employees with disabilities if the denial is based on the need to make reasonable accommodations for a job applicant's or employee's disability;

(j) the ADA's prohibition against retaliation against any individual for opposing employment practices reasonably believed to be discriminatory, including examples of such retaliatory conduct; and

(k) the ADA's prohibition against coercion, intimidation, threats, or interference with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any

7

other individual in the exercise or enjoyment of, any right protected by the ADA, including examples of such conduct.

11. Lockheed Martin shall utilize its compliance training program or qualified outside counsel to conduct the portion of the training described in Paragraph 10(a)-(e) and 10(g)-(k). For the portion of the training described in Paragraph 10(f), Lockheed Martin shall use a vocational rehabilitation counseling consultant at the Job Accommodation Network or another qualified consultant as the instructor for the training. At least thirty (30) days before the date that Lockheed Martin intends to conduct the training described in Paragraph 10, Lockheed Martin shall submit to EEOC for review (a) the name(s) and curriculum vitae of the proposed instructor(s) that Lockheed Martin has selected for the training; (b) copies of the proposed training curricula; and (c) a list of all persons (by name and job title) who will be required to attend the training. The training shall be delivered live but may be conducted by remote means in light of present public health circumstances.

12. After Lockheed Martin transmits to EEOC the information set forth in Paragraph 11, above, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the proposed instructors and training curricula and provide any comments concerning the training that EEOC deems warranted. Upon request by EEOC, Lockheed Martin shall confer in good faith with EEOC concerning the training and any EEOC comments.

13. Within one hundred twenty (120) days of the Effective Date of this Decree, Lockheed Martin shall conduct the training set forth in Paragraph 10. Lockheed Martin shall maintain attendance logs for all persons who attend the training and retain such attendance logs for the duration of this Decree.

14. Within ten (10) days from the date that Lockheed Martin conducts the training described in Paragraph 10, Lockheed Martin shall send EEOC a copy of the final training curricula, a list of all persons (by name and job title) who attended the training, and a list of persons to whom Lockheed Martin is required by this Decree to present such training but who did not receive it.

## REPORTING REQUIREMENTS

15. Each six (6) months for the duration of this Decree, Lockheed Martin shall submit written reports to EEOC regarding all reasonable accommodation requests (but not including requests solely for medical leave or other excused absence) that it has denied regarding any job applicants or employees working at LMGA's Crystal City, Virginia location. The reports set forth in this Paragraph shall include at least the following minimum content: (a) the full name, job title (if applicable), and current or last known home address and telephone number for the job applicant or employee requesting reasonable accommodation(s) for a physical or mental impairment; (b) date of the accommodation request; (c) the type of physical or mental impairment for which the job applicant or employee was requesting accommodation; (d) a detailed description of the accommodation(s) requested; (e) any accommodations, including reassignment, that were offered to the job applicant or employee; (f) the full names and job titles of all Lockheed Martin personnel who participated in receiving, reviewing, and/or responding to the accommodation request; and (g) the basis for Lockheed Martin's denial of the accommodation request.

16. The first report required under Paragraph 15, above, shall be due one hundred eighty (180) days after the Effective Date of the Decree, with subsequent reports due every one hundred eighty (180) days thereafter, with a final report due one (1) month prior to the expiration of the Decree. All reports shall be transmitted to Supervisory Trial Attorney Ronald Phillips at EEOC's Baltimore Field Office.

## RECORD RETENTION

17. For the duration of this Decree, Lockheed Martin shall retain all documents of any character related to reasonable accommodation requests that it receives from job applicants and employees that are the subject of the reports required by Paragraph 15, above. Such documents include, but are not limited to, reasonable accommodation request forms, medical records, documents reflecting the interactive process, personnel files, payroll records, correspondence, notes, emails, memoranda, internal reports, written statements, witness statements, and any other material of any character.

18. Lockheed Martin's obligation to maintain records, as set forth in this Section, is not intended to nor does it limit or replace Lockheed Martin's obligation to retain records set forth in federal law or EEOC regulations, such as 29 C.F.R. § 1602.14. Lockheed Martin shall comply with 29 C.F.R. § 1602.14.

19. Lockheed Martin shall produce, or make available for inspection and copying, all documents that are the subject of Paragraph 17, above, within fifteen (15) days of receiving any written request for their production by EEOC counsel of record or their authorized designees.

## ADA NOTICE

20. Within ten (10) days of the Effective Date of this Decree, Lockheed Martin shall post a copy of the Notice to All Employees, attached hereto as Exhibit B (hereinafter, "Notice"), in an employee breakroom or other conspicuous location on Lockheed Martin's premises that is accessible to employees in LMGA's Crystal City, Virginia location. The Notice shall be signed by a corporate officer of Lockheed Martin. The Notice shall be posted for two (2) years from the Effective Date of this Decree. Lockheed Martin shall ensure that the Notice required under this

Paragraph remains posted, and that it is not altered, defaced, or covered by any other material, for the duration of this Decree.

21. Within ten (10) days of the Effective Date of this Decree, Lockheed Martin shall certify, in writing to EEOC, that the Notice set forth in Paragraph 20 has been properly posted.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

22. Upon Motion of EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to filing such Motion, EEOC shall notify Lockheed Martin, in writing, of any alleged noncompliance. Upon receipt of written notice, Lockheed Martin shall have fifteen (15) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged non-compliance, in writing.

    (a) If the Parties cannot in good faith resolve their dispute, EEOC may file a Motion to seek review by the Court;

    (b) Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

    (c) Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

23. EEOC, its agents, and employees shall in their discretion have the legal authority to enter Lockheed Martin's facilities, upon reasonable suspicion that Lockheed Martin may have violated any provision of this Decree and upon reasonable prior notice to Lockheed Martin and its counsel, and to conduct an on-site inspection to ensure compliance with any of the provisions of this Decree. Such inspections may, at the discretion of EEOC, include access to any and all documents for the purposes of inspection and duplication; interviews of potential witnesses; and inspection of any area within Lockheed Martin's facilities. Upon reasonable suspicion that

11

Lockheed Martin may have violated any provision of this Decree, EEOC shall also have the legal authority to require appearance and testimony of Lockheed Martin's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with any of the provisions of this Decree. EEOC may at any time move the Court for a hearing for the purpose of compelling Lockheed Marin to cooperate in any aspect of this Paragraph. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other authority possessed by EEOC to conduct investigations of Lockheed Martin that is provided by law.

## **COURT COSTS AND ATTORNEY FEES**

24. The Parties shall bear their own costs, expenses, and attorney fees in this action.

## **MISCELLANEOUS PROVISIONS**

25. The provisions of this Decree shall be binding upon Lockheed Martin and all of its present and future owners, officers, directors, agents, representatives, successors, and assigns.

26. This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and is not subject to modification except upon order of this Court. In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

27. If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

28. When this Decree requires Lockheed Martin to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email or certified U.S. mail to:

Ronald L. Phillips
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Email: ronald.phillips@eeoc.gov

**AGREED BY:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_Debra Lawrence w/permission CS_
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 10/14/20

_Ronald L. Phillips w/permission CS_
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 209-2221
Email: ronald.phillips@eeoc.gov

Dated: 10/14/20

FOR LOCKHEED MARTIN CORPORATION AND
LOCKHEED MARTIN ENTERPRISE OPERATIONS

ROBERT R. NICCOLINI
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1909 K Street, N.W., 10th Floor
Washington, DC 20006
Phone: (202) 263-0241
Fax: (202) 887-0866
Email: robert.niccolini@ogletree.com
Attorney for Defendant

Dated: 10/14/20

Nakia Spain, Vice President, Human Resources
Lockheed Martin Corporation and
Lockheed Martin Enterprise Operations

Dated: 10/12/2020

_____
CATHERINE N. SELLERS (WA Bar No. 44563)
SENIOR TRIAL ATTORNEY
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6722
Fax: (410) 209-2221
Email: catherine.sellers@eeoc.gov

Dated: 10/14/20

**IT IS SO ORDERED:**

Date: 10/20/2020

_____
HONORABLE GEORGE J. HAZEL
United States District Judge

14